IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. WILLIAMS, )<br>             Plaintiff,  )<br>                            )<br>     v.                      )<br>                            )<br>                            )<br>WILLIAM STICKMAN, et al., )<br>             Defendants. ) | Civil Action No. 05-101<br>Judge Terrence F. McVerry<br>Magistrate Judge Caiazza |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by the Defendants be denied.

### II. REPORT

The Plaintiff, James H. Williams ("the Plaintiff" or "Williams"), is a state prisoner confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania ("SCI-Greene"). He commenced the present action against the following Pennsylvania Department of Corrections' (DOC) officials: William S. Stickman, III, Western Regional Deputy Secretary; Louis S. Folino, Superintendent at SCI-Greene; Thomas D. Jackson, Deputy at SCI-Greene; and D.P. Burns, SCI-Greene Major, Security Office. In this action, Williams is complaining about his confinement in administrative custody and the alleged false information relied upon in placing him there. The Defendants have moved for a dismissal of the Complaint, alleging: 1) that the Plaintiff has failed to comply with the DOC

grievance procedures as set out in DC-ADM 804; 2) that the Plaintiff has failed to allege any personal involvement by Defendants Stickman, Folino and Jackson; and 3) that the Plaintiff failed to state a cause of action because he has not suffered any physical injury. For the reasons that follow, the Motion to Dismiss should be denied.

### A. Analysis

#### 1. The Exhaustion of Administrative Remedies

The Defendants first assert that the Plaintiff's claims should be dismissed because he failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Through the PLRA, Congress amended the provisions of 42 U.S.C. § 1997e(a) which now prohibits prisoners from commencing a civil action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. As the Defendants point out, the DOC grievance procedure for Pennsylvania inmates is codified in DOC Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." What the Defendants fail to recognize is that the DOC specifically has exempted certain issues from review through the DC-ADM 804 grievance system, including a review of administrative custody procedures -which are governed under DC-ADM 802. See DC-ADM 804-1, ¶ VI.H.

2

Again, the exhaustion requirement set out in 42 U.S.C. § 1997e(a) only requires prisoners to utilize <u>available</u> administrative remedies. <u>Camp v. Brennan</u>, 219 F.3d 279, 281 (3d Cir. 2000). Here, the grievance procedures relied on by the Defendants in their argument were not available for Williams to seek review of his administrative custody status. Therefore, the Defendants have not demonstrated that they are entitled to judgment as a matter of law based on Williams' purported failure to exhaust his claims through the available grievance procedure.

2. <u>The Personal Involvement of the Defendants</u>

Next, the Defendants argue that the Plaintiff has failed to allege personal involvement by Defendants Stickman, Folino and Jackson. To establish personal liability against a defendant in a section 1983 action, the defendant must have <u>personal</u> involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Stated differently, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

In his Reply Brief (Doc. 24) and supporting Exhibits (Doc. 25), the Plaintiff has submitted evidence showing personal involvement by Defendants Stickman, Folino and Jackson.

3

Therefore, the Defendants are not entitled to dismissal on this basis.

### 3. The Failure to Allege Serious Physical Injury

Lastly, the Defendants argue that the Plaintiff's failure to allege a serious physical injury precludes his ability to prosecute his action. In making their argument, the Defendants rely on section 803(d) of the of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e) as an amendment to the Civil Rights of Institutionalized Persons Act. Section 803(d) entitled "Limitation on Recovery" provides as follows: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."

As an initial matter, the federal courts unanimously have held that section 1997e(e) prohibits only the recovery of compensatory money damages; it has no restrictive effect on claims for declaratory or injunctive relief. Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003); Dawes v. Walker, 239 F.3d 489, 495 (2d Cir. 2001); Davis v. District of Columbia, 158 F.3d 1342, 1346 (D.C. Cir. 1998). Here, Williams seeks injunctive relief because he is requesting that erroneous information be expunged from his prison record. Consequently, the Defendants' assertion

that William's claims are barred by the express language of the PLRA is patently wrong.

Second, the Court of Appeals for the Third Circuit specifically has held that section 1997e(e) only bars claims for compensatory damages; it does not bar claims seeking nominal damages to vindicate constitutional rights, nor claims seeking punitive damages to deter or punish egregious violations of constitutional rights. <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250-51 (3d Cir. 2000). In his Complaint, Williams requests punitive damages. Moreover, the Plaintiff need not specifically request nominal damages in his Complaint. <u>Id</u>. at 251 (citing <u>Basista v. Weir</u>, 340 F.2d 74, 87 (3d Cir. 1965)). Thus, contrary to the Defendants' argument, even if the Plaintiff is not entitled to the recovery of compensatory damages his claims for punitive and nominal damages are not barred by the PLRA.

### III. **CONCLUSION**

It is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 20) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 5, 2006. Responses to objections are due by May 15, 2006.

_/s/ Francis X. Caiazza_
FRANCIS X. CAIAZZA
United States Magistrate Judge

April 19, 2006

cc: Terrence F. McVerry
 United States District Judge

 James H. Williams, AY-8692
 SCI Huntingdon
 1100 Pike St.
 Huntingdon, PA 16654

 Craig E. Maravich, Esquire
 Office of the Attorney General
 564 Forbes Avenue
 6th Floor, Manor Complex
 Pittsburgh, PA 15219