IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-101 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Caiazza |
| | ) | |
| WILLIAM STICKMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Motion for Preliminary Injunction (Doc. 37) be denied.

The Plaintiff James H. Williams ("Williams" or "the Plaintiff") is a state prisoner previously confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania (SCI-Greene). He commenced the present action against the following Pennsylvania Department of Corrections officials: William S. Stickman, III, Western Regional Deputy Secretary; Louis S. Folino, Superintendent at SCI-Greene; Thomas D. Jackson, Deputy at SCI-Greene; and D.P. Burns, SCI-Greene Major, Security Office. The Plaintiff now seeks injunctive relief requesting a separation from the Program Review Committee and Superintendent Grace at the State Correctional Institution at Huntingdon (SCI-Huntington) - his present place of incarceration. In the alternative, Williams requests the return of all privileges he previously earned while he was on Administrative

Custody status.

Williams' claims for injunctive relief are based on allegations regarding the conditions of his confinement at SCI-Huntington. His Complaint in the present action, however, concerns the conditions of his confinement at SCI-Greene. The Plaintiff cannot obtain the requested injunctive relief because the named Defendants in this action do not have any authority over the Plaintiff's custody at SCI-Huntingdon. The Federal Rules specifically provide that the entry of an injunction order is binding only on the parties to the action. *See* Fed. R. Civ. P. 65(d). Consequently, Williams' claims for injunctive relief against any non-party to this action cannot be granted. *See* Santiago v. Walls, 2006 WL 2075619, *1 (7th Cir. Jul. 20, 2006) (denying prisoner's request for injunctive relief on same grounds) (citing published legal authority).

Moreover, the Defendants point out that Williams currently is housed in the Restricted Housing Unit at SCI-Huntingdon on disciplinary custody status for refusing to obey an order by refusing to double cell. See Attach. A to Doc. 42. He therefore is not entitled to the privileges of administrative custody status inmates, and cannot show a likelihood of success on the merits.

For these reasons, the Plaintiff's Motion for Preliminary Injunction (Doc. 37) should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 1, 2006. Responses to objections are due by November 13, 2006.

October 16, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Craig E. Maravich, Esq.

cc (via first-class U.S. mail):

James H. Williams, AY-8692
SCI Huntingdon
1100 Pike St.
Huntingdon, PA  16654